UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DIANNAH EVANS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No. 15 C 4098 |
| v. | ) ) | Judge Sara L. Ellis |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Plaintiff Diannah Evans, a fifty-five year old woman, filed suit against Defendant Illinois Department of Human Services ("IDHS") for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Evans alleges that while she was employed by the IDHS, she suffered age discrimination and retaliation for her complaints regarding that discrimination. IDHS moves for summary judgment [42]. Because Evans has failed to establish the elements required for her discrimination and retaliation claims, the Court grants summary judgment on both claims.

## BACKGROUND[1]

Evans is employed by IDHS, an Illinois state agency. She began working at IDHS in July 2013 as a Social Services Career Trainee at the IDHS call center located on North Broadway (the "Broadway Call Center"). At that time, Evans was fifty-one years old.

Evans has testified that during her initial training in July 2013, her co-workers called her

---

[1] The facts in this section are derived from the Joint Statement of Undisputed Material Facts and Evans' Statement of Additional Facts. The Court has considered the IDHS' responses to Evans' Statement of Additional Facts and included in this background section only those portions of the statements and responses that are appropriately presented, supported, and relevant to resolution of the pending motion for summary judgment. All facts are taken in the light most favorable to Evans, the non-movant.

names and made comments about her age and appearance. The co-workers called Evans "beejee" and stated that "she thinks she's too good" and that she is "too old for certain clothes." Evans also stated that her co-workers would follow her during breaks to see where she went. Evans testified that once she completed her initial training, her co-workers continued to make comments about her age, stating that she "doesn't do anything" and "doesn't talk to anybody" and asking "how old is she?" and "does she have kids?" and "how can she be this age and her child is that age?" One co-worker stated that Evans "must be getting an adoption check" and "can't have a child that age." These comments were not made directly to Evans but were said in her presence so that she could hear them. According to Evans, these comments were made on a daily basis. Evans also testified that one of her supervisors, Sandra Cartagena, asked Evans how old she was. One co-worker also threatened to beat up Evans.

On August 6, 2013, Evans filed a complaint with the IDHS Bureau of Civil Affairs. Evans did not include her name on the complaint but her phone number was written on the complaint. Evans sent the same or a similar complaint to the IDHS Office of the Inspector General ("OIG"). On September 6, 2013, Evans filed a complaint with the Office of the Executive Inspector General ("OEIG"). She did not include her name on the complaint but her address, phone number, age, and gender were included on the complaint. Neither complaint specifically stated that Evans was being discriminated against because of her age.[2] Three of Evans' IDHS supervisors, Jeffrie Hall, Ruby Powell, and Cartagena, testified that they were not aware of these complaints. However, Evans testified that she believes Hall knew about the complaints and told another manager, Rose Norris. Evans testified that she believes Cartagena also knew of the complaints because she was a co-manager with Hall. According to Evans, she

---

[2] The Court notes that the Bureau of Civil Affairs complaint is labeled "Individual/Applicant Discrimination Complaint Form" and contains a box checked for "the basis" of the complaint as "age" and "other."

also reported the conduct of her co-workers to her managers and supervisors on a daily basis. Hall, Powell, and Cartagena testified that Evans never complained of harassment or age discrimination to them directly.

Evans testified that while she was employed by IDHS, she applied to a total of 13 positions at various state agencies, including one position at IDHS. Evans believes she did not get these positions because of age discrimination. According to Evans, she exceeded the qualifications for each position but did not have timely evaluations from IDHS to submit with her applications. Evans believes she should have received quarterly evaluations during her employment with IDHS. However, Evans is not aware of any IDHS policy requiring quarterly evaluations. Evans testified that other co-workers received evaluations before her and that she heard other co-workers talk about receiving quarterly evaluations. Evans received one evaluation in June 2014 and one evaluation in October 2015. Evans also testified that her supervisor constantly lost her vacation requests or refused to sign her vacation requests, but she could not state any time when the supervisor denied her request. According to Evans, on one occasion, she was docked for three hours of pay for forgetting to sign out. Evans believes she received harsher punishment for this infraction because other employees who forgot to sign out were not docked pay. However, on five occasions when Evans forgot to sign out, she did not lose any of her pay.

In September 2015, Evans requested a hardship transfer to another IDHS office located in East St. Louis to better care for her family members. Evans also made a hardship transfer request earlier in 2015. Evans believed that hardship transfer requests were granted on the basis of seniority, but she subsequently received clarification that hardship transfer requests were

granted based on the availability of positions. IDHS granted Evans' September 2015 transfer request on November 10, 2015.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

**I.     ADEA Discrimination Claim**

The ADEA prohibits employers from discriminating against an individual because of the person's age. 29 U.S.C. § 623(a). The ADEA applies only to persons who are forty years of age and older. 29 U.S.C. § 631(a). To survive a motion for summary judgment, Evans must produce evidence that would permit a reasonable factfinder to conclude that her age was the cause of a

materially adverse employment action. *David v. Bd. of Trs. of Cmty. College Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017) (citing *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)); *Ripberger v. Corizon, Inc.*, 773 F.3d 871, 880 (7th Cir. 2014) (citing *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 604 (7th Cir. 2014)). Evans attempts to do so by establishing a *prima facie* case of discrimination under the burden-shifting test laid out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 688 (1973). To establish a *prima facie* case of age discrimination, a plaintiff must show that (1) she was a member of a protected class; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) the employer treated similarly-situated employees outside of the protected class more favorably. *Hutt v. AbbVie Prods. LLC*, 757 F.3d 687, 693 (7th Cir. 2014).

A. **Adverse Employment Action**

A materially adverse employment action is an action that involves "a significant change in employment status," *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016) (quoting *Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 235 (7th Cir. 2014)), and is "more disruptive than a mere inconvenience or an alteration of job responsibilities," *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 779 (7th Cir. 2007) (quoting *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004)). Adverse employment actions generally fall into three categories: "(1) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453–454 (7th Cir. 2011).

Evans argues that she suffered the following adverse actions because of her age: denial of a transfer request, denial of promotions, denial of quarterly evaluations, and a hostile work environment.

### 1. Denial of Transfer

Evans argues that she suffered an adverse employment action when IDHS ignored or denied her January 2015 transfer request, which caused her "to endure more undue stress and subjected her to further ridicule, bullying and discriminatory comments by her co-workers and managers." Doc. 51 at 8. IDHS argues that the Court should not consider Evans' alleged January 2015 hardship transfer request because it is included in her Statement of Additional Facts but contradicts or is omitted from her deposition testimony. The Court finds that there is support for the assertion in Evans' deposition testimony and therefore considers the January 2015 hardship transfer request. *See* Doc. 44-2 at 35.

The denial of a lateral transfer request, without additional indicators such as a change in salary, benefits, or material responsibilities, is not a sufficiently adverse employment action to warrant ADEA protection. *Benedict v. Eau Claire Pub. Schs.*, No. 97-2513, 1998 WL 60374, at *8 (7th Cir. Feb. 10, 1998); *see also Han v. Whole Foods Mkt. Grp., Inc.*, 44 F. Supp. 3d 769, 787–788 (N.D. Ill. 2014) (holding that failure to grant lateral transfer requests was not an adverse action). Evans offers no evidence to establish that the transfer would have provided a change in salary, benefits, or material responsibilities. Evans asserts that because her January 2015 transfer request was denied, she was exposed to ridicule, bullying, and discriminatory comments at the Broadway Call Center for a longer period of time. However, as set forth below, the Court finds that Evans' claims of bullying and discriminatory comments do not rise to the level of an actionable hostile work environment. *See* Section I(A)(4). Therefore, Evans cannot establish

6

that the failure to transfer was an adverse action based on the additional period of time that she spent employed at the Broadway Call Center.

### 2. Denial of Promotions

Evans also argues that IDHS failed to promote her or prevented her from obtaining promotions. Failure to receive a promotion can be "materially adverse" if the position for which a plaintiff was rejected "offered markedly greater compensation, responsibilities, or title." *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 892–93 (7th Cir. 2016).

Here, Evans testified that she applied for a total of 13 positions while she was at the Broadway Call Center. She does not provide proof of her application to those positions, but she produced the job notices for ten of the job positions. Evans fails to present any evidence regarding how the positions for which she applied offered a "significant pay raise, increase in responsibilities, or boost in title." *See Riley*, 829 F.3d at 893. She offers only conclusory statements that the positions were "higher level." Doc. 51 at 9. Evans therefore cannot establish that her failure to obtain promotions was a materially adverse employment action. *See Riley*, 829 F.3d at 893.

### 3. Denial of Quarterly Evaluations

Evans argues that she should have received quarterly evaluations while she was assigned to the Broadway Call Center. To qualify as a materially adverse employment action, a lack of performance evaluations must result in a significant change in employment status. *See Palermo v. Clinton*, 784 F. Supp. 2d 936, 944–45 (N.D. Ill. 2011) (failure to provide plaintiff with signed copy of his annual performance evaluation was not adverse employment action where plaintiff could not establish that the lack of evaluation was the reason for not receiving another job position); *King v. Principi*, No. 00 C 4244, 2002 WL 31163666, at *3 (N.D. Ill. Sept. 27, 2002)

7

(failing to provide a performance evaluation for a year time period was not materially adverse in absence of a resulting significant change in employment status). Although Evans received an evaluation in June 2014 and in October 2015, she asserts that a lack of quarterly or timely evaluations led to her failure to obtain the promotions for which she applied. However, as noted above in Section I(B), Evans has not provided any evidence to establish that she was qualified for those positions or that the positions offered greater compensation, responsibilities, or title. Therefore, she cannot show that her lack of performance evaluations was the reason she did not receive the promotions. *See Palermo*, 784 F. Supp. 2d at 944–45 (plaintiff could not establish that lack of evaluation was the reason he was not hired for another position where he presented no evidence regarding the requirements of the position, his qualifications for the position, or the applicant pool against whom he was competing). Consequently, Evans' lack of evaluations does not constitute a materially adverse employment action. *See id.*

### 4. Hostile Work Environment

Evans argues that she was subjected to a hostile work environment where she received "discriminatory, harassing and retaliatory treatment" that affected her "physically and emotionally." Doc. 51 at 1, 10. The Seventh Circuit has assumed without deciding that plaintiffs may bring hostile environment claims under the ADEA. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 660 (7th Cir. 2001) (citing *Halloway v. Milwaukee County*, 180 F.3d 820, 827 (7th Cir. 1999)). To establish a hostile work environment, a plaintiff must provide evidence that: "(1) she was subject to unwelcome harassment; (2) the harassment was based upon a protected characteristic; (3) 'the harassment was severe and pervasive so as to alter the conditions of the employee's environment and create a hostile or abusive working environment';

and (4) 'there is a basis for employer liability.'" *Atanus v. Perry*, 520 F.3d 662, 676 (7th Cir. 2008) (quoting *Mason v. S. Ill. Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000)).

Determining whether the conduct rises to the level of severe and pervasive depends on a number of factors, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005) (citing *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 806–07 (7th Cir. 2000)). A plaintiff must establish that the work environment was both subjectively and objectively offensive. *Id.* (citing *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003); *Hostetler*, 218 F.3d at 807). Vague and conclusory allegations about hostile conditions, without specific support in the record, are insufficient to survive summary judgment. *Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d 966, 979–80 (N.D Ill. 2014)

Evans asserts that her co-workers made daily comments about her appearance and her age. Although Evans does not establish which specific comments were made daily, she does give the following examples of comments that were said in her presence: "she thinks she's too good"; she is "too old for certain clothes or [her] body type or how [she looked] that day"; "she doesn't do anything" or "talk to anybody"; "how old is she?"; "does she have kids?"; "how can she be this age and her child is that age?"; "she can't have a child that age"; "she must be getting an adoption check." Doc. 44 at 4–5. One co-worker also threatened to beat up Evans.

Comments may be rude and inappropriate but not so severe as to change the conditions of an employee's employment. *Ezell*, 400 F.3d at 1048 (finding that comments reflecting ignorant stereotypes of older workers are not severe). Furthermore, asking for an employee's age does not rise to the level of harassment required to establish a hostile work environment claim.

9

*Manning v. Potter*, No. 04 C 7010, 2006 WL 2710660, at *8 (N.D. Ill. Sept. 15, 2006). Although one co-worker comment involved a physical threat, all of the other comments about Evans were rude and frequent, but they were not severe.

Evans has also failed to provide any specific evidence about how the comments unreasonably interfered with her work performance. Although she claims that she "struggle[d] to get work done," this vague and conclusory statement is insufficient to establish that Evans' co-workers' comments unreasonably interfered with her work performance. *See Hoosier*, 32 F. Supp. 3d at 980. Evans asserts that she was "affected both physically and emotionally by the bullying, harassment and discrimination," but she does not establish whether or how these physical and emotional effects impacted her work performance. Doc. 51 at 10. Furthermore, the Seventh Circuit has ruled that "no remedy is available to an ADEA plaintiff who merely alleges compensatory damages for pain and suffering or emotional distress due to a hostile work environment" because the ADEA permits damages only in the form of past or future lost wages. *Cooksey v. Bd. of Ed. of City of Chicago*, 17 F. Supp. 3d 772, 794 (N.D. Ill. 2014) (citing *Fugate v. Dolgencorp, LLC*, 555 F. App'x 600, 603 n.1 (7th Cir. 2014)).

Because the comments made by Evans' co-workers were not severe and Evans has failed to show how the comments interfered with her work performance, Evans cannot establish that she was subjected to harassment that was so severe and pervasive as to alter her employment environment. *See Kawczynski v. F.E. Moran, Inc.*, --- F. Supp. 3d ----, 2017 WL 714112, at *8 (N.D. Ill. Feb. 23, 2017) (finding that relatively pervasive name calling that hurt plaintiff's feelings and affected him emotionally but did not interfere with his work did not amount to a hostile work environment).

Evans has failed to establish that she suffered a materially adverse employment action based on a failure to transfer, a failure to promote, a failure to provide evaluations, or a hostile work environment.

### B. Job Performance and Similarly Situated Employees

Even if Evans could establish that she suffered a materially adverse employment action, she must also show that she was performing her job satisfactorily and that IDHS treated similarly-situated employees outside of her protected class more favorably. *See Hutt*, 757 at 693.

Evans cites the following acts as evidence that she was treated less favorably than other employees: "employees with less tenure" than Evans were permitted to transfer out of the Broadway Call Center, "other co-workers" were provided quarterly evaluations, co-workers Curtis McNeely and Lakeesha Myers were not docked pay when they forgot to sign out, and "everyone else" was not forced to resubmit vacation requests because their managers lost their requests. Doc. 51 at 10–11; Doc. 52 ¶ 6; Doc. 44 ¶¶ 41, 52, 53. Even if Evans had presented enough evidence to establish that these acts of more favorable treatment occurred, she has not established that the employees or co-workers were similarly situated to her. "Similarly situated employees 'must be directly comparable to the plaintiff in all material respects,' but need not be identical in every conceivable way." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012). Typically, a plaintiff must at least show that the comparators "(1) dealt with the same supervisor, (2) were subject to the same standards, and (3) engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* at 847. Evans presents no evidence to establish that the employees or co-workers who allegedly received more favorable treatment than her were in any way comparable to her.

11

Evans also fails to present any evidence or argument that she was performing her job satisfactorily. Evans, therefore, cannot establish the required elements of a *prima facie* case of age discrimination.

### C. Cumulative Assessment of the Evidence

Because the *McDonnell Douglas* burden-shifting test is "not the only way to assess circumstantial evidence of discrimination," the Court makes a cumulative assessment of all the evidence presented by Evans to determine whether it permits a reasonable factfinder to determine that she suffered an adverse action on account of her age. *David*, 846 F.3d at 224. However, even under a cumulative assessment of the record evidence, Evans' claim for ADEA discrimination fails because she has not established that she suffered an adverse employment action. A reasonable juror could not conclude that Evans was discriminated against where she suffered no adverse action.

Additionally, even if Evans could establish an adverse action, she has not presented sufficient circumstantial evidence to show that her supervisors or managers bore a discriminatory animus against her due to her age. Evans asserts that one supervisor, Cartagena, asked her how old she was. However, Cartagena's question does not suggest a discriminatory animus based on age. Evans also has not shown that she was treated differently than other employees. Her testimony that other employees received transfers before her, quarterly evaluations, or less harsh treatment for forgetting to sign out was conclusory and unsupported by specific facts. Conclusory assertions are insufficient to overcome summary judgment. *See Boss*, 816 at 919. Evans' testimony that she was treated differently than others, therefore, does not provide sufficient circumstantial evidence that her managers and supervisors held an animus against Evans based on her age.

12

Because Evans fails to establish the required elements for a *prima facie* case of age discrimination, and also fails to present evidence that would allow a reasonable factfinder to determine that she was discriminated against because of her age, her claim for ADEA discrimination cannot survive IDHS' motion for summary judgment.

## II.     ADEA Retaliation Claim

The ADEA also prohibits employers from retaliating against an employee for asserting her right to be free from discrimination under the statute. *Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 538 (7th Cir. 2016). To establish retaliation under the ADEA, Evans must show that she engaged in statutorily protected activity, that she suffered a materially adverse action, and that the protected activity was the but-for cause of the adverse action. *Barton*, 662 F.3d at 455. Evans attempts to do so by establishing the elements of a *prima facie* retaliation case: "(1) she engaged in statutorily protected activity; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 464 (7th Cir. 2016) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 666 (7th Cir. 2006)).

### A.     Protected Activity

Under the ADEA, complaints to an employer constitute protected activity if they "include an objection to discrimination on the basis of age." *Smith v. Lafayette Bank & Tr. Co.*, 674 F.3d 655, 658 (7th Cir. 2012). However, general complaints of discrimination or harassment that do not reference discrimination based on age are not protected activity under the ADEA. *See id.* (citing *Tomanovich*, 457 F.3d at 663). Furthermore, an employer must have "actual knowledge"

13

of the employee's protected activity to establish a claim for retaliation. *Id.* (citing *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009)).

Evans argues that her complaints filed with the IDHS Bureau of Civil Affairs and the OEIG constituted protected activity. However, Evans has failed to establish that any of her supervisors or managers had knowledge of those complaints. Therefore, the complaints cannot form the basis for her retaliation claim. *See id.* Evans argues that her verbal complaints to management also constituted protected activity. However, Evans does not provide any evidence to establish that these complaints referenced discrimination based on her age. Evans only asserts that she "consistently reported incidents of harassment, bullying and discrimination" to her managers. Doc. 51 at 13; Doc. 52 ¶ 10. According to Evans' Statement of Additional Facts, Evans testified that she reported "ongoing age discriminatory harassment to Phyllis Warren and Ruby Powell on a daily basis." Doc. 52 ¶ 4. However, the deposition testimony cited in support of this fact does not establish that Evans' reports to Warren or Powell included specific reference to discrimination or harassment specifically based on age.

Because Evans has failed to show that her employer had knowledge of complaints she made referencing age discrimination, Evans has not established that she engaged in a protected activity.

### B. Adverse Action

Even if Evans had established that she engaged in a protected activity, she must show that she suffered a materially adverse action. *See Boston*, 816 F.3d at 464. For purposes of an ADEA retaliation claim, an action is materially adverse if it could "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Kuhn*, 640 F. App'x at 538. "The standard for a materially adverse action sufficient for a retaliation claim is somewhat more

14

forgiving than for a discrimination claim, but the action must be severe enough to dissuade a reasonable employee from exercising statutory rights." *Barton*, 662 F.3d at 456. Conduct which amounts to "petty slights, minor annoyances, and simple lack of good manners" does not constitute adverse action for a retaliation claim. *Chaib v. Indiana*, 744 F.3d 974, 987 (7th Cir. 2014).

Evans argues that she suffered the same adverse actions in her retaliation claim as she did in her ADEA claim: denial of a transfer request, denial of promotions, denial of quarterly evaluations, and a hostile work environment.

The denial of a request for a lateral transfer offering equal pay, benefits, and responsibilities is insufficient to establish an adverse action for a retaliation claim. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 275 (7th Cir. 2004); *see also Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1108 (7th Cir. 2012) (denial of a transfer may be a retaliatory adverse action if the transfer would have resulted in higher pay or benefits). Because Evans has failed to show that the hardship transfer she requested in January 2015 would have resulted in increased pay, benefits, or material responsibilities, *see* Section I(A)(1), she cannot establish that the denial of that request was an adverse action.

Similarly, where a plaintiff has not proven that she was qualified for a promotion, denial of the promotion cannot constitute an adverse action for a retaliation claim. *Dandy*, 388 F.3d at 275. Evans' claims that IDHS denied or prevented her from obtaining a promotion are insufficient to establish an adverse action because she has failed to produce any evidence to show that she was qualified for the promotions to which she applied.

Negative performance reviews that are "unaccompanied by tangible job consequences" do not suffice as adverse actions for a retaliation claim. *Boss*, 816 F.3d at 919. Accordingly, the

Court finds that a lack of performance reviews, without a tangible job consequence resulting from the lack of evaluations, is insufficient to establish an adverse action for a retaliation claim. As stated above, Evans has failed to show that her lack of performance evaluations was the reason she did not receive the promotions for which she applied. *See* Section I(A)(3).

Evans cannot establish the required adverse action for her retaliation claim based on the denial of transfer, promotions, or evaluations. However, whether the harassment and bullying that Evans claims resulted in a hostile work environment are sufficient to establish a retaliatory adverse action is a closer call. Under certain circumstances, retaliatory harassment by co-workers or a supervisor may constitute an adverse action. *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001). A "campaign of vicious gossip and profanity aimed at making a [plaintiff's] life hell" in response to her protected activity may be sufficient evidence to establish a retaliation claim. *Id.* (quoting *Knox v. Indiana*, 93 F.3d 1327, 1334–35 (7th Cir. 1996)). However, "ostracism by co-workers that did not result in material harm to the plaintiff" is not enough to constitute an adverse action for a retaliation claim. *Id.* (citing *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1039 (7th Cir. 1998)). Unpleasantness experienced from co-workers after engaging in a protected activity does not qualify as an adverse action for a retaliation claim. *Enriquez v. U.S. Cellular Corp.*, No. 06 C 3135, 2008 WL 4925012, at *17 (N.D. Ill. Nov. 14, 2008).

Although the comments made by Evans' co-workers do not rise to a "campaign of vicious gossip and profanity," *Stutler*, 263 F.3d at 703, Evans does assert that she suffered some form of material harm from the comments, including "depression," "mental anguish," "loss of sleep," and a decline in her "quality of life."[3] Doc. 52 ¶ 15. Harassment that results in such

---

[3] Unlike a hostile work environment claim under the ADEA, compensatory damages are available for an ADEA retaliation claim. *Moskowitz v. Trs. of Purdue Univ.*, 5 F.3d 279, 283 (7th Cir. 1993).

material harm could dissuade a reasonable worker from making a charge of discrimination. Therefore, for the purposes of her retaliation claim, Evans has established an adverse action based on the conduct of her co-workers.

### C.     Employer Expectations and Similarly Situated Employees

To make out a *prima facie* case for ADEA retaliation, Evans must also establish that she met her employer's legitimate expectations and that she was treated less favorably than similarly-situated employees who did not engage in statutorily protected activity.

In support of her retaliation claim, Evans asserts the same facts as she does for her age discrimination claim to establish that she was treated less favorably than similarly-situated employees. As noted above, Evans has failed to show that any employees who allegedly received more favorable treatment than her were similarly situated to her. *See* Section I(B).

Evans also fails to present any evidence or argument to establish that she met her employer's legitimate expectations. Evans states in her opposition to IDHS' motion for summary judgment that "[t]here is no need to address whether Plaintiff was meeting Defendant's legitimate expectations as this is not an issue in this matter." However, meeting an employer's legitimate expectations is a required element of a *prima facie* retaliation case. *See Boston*, 816 F.3d at 464. A plaintiff cannot survive summary judgment by proving a *prima facie* retaliation case if she fails to satisfy any one element of the *prima facie* case. *Formella v. Brennan*, 817 F.3d 503, 515 (7th Cir. 2016) (citing *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 740 (7th Cir. 2006)).

### D.     Causation

Evans also argues that she has presented sufficient evidence to show causation for her retaliation claim. To survive summary judgment, instead of presenting a *prima facie* case of

17

ADEA retaliation, Evans may show that she engaged in statutorily protected activity, she suffered an adverse action, and there was a causal connection between the two. *Boston*, 816 F.3d at 464. The causation required to establish a retaliation claim may be established through circumstantial evidence, including "suspicious timing, ambiguous statements of animus, evidence other employees were treated differently, or evidence the employer's proffered reason for the adverse action was pretextual." *Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 486 (7th Cir. 2015).

Evans argues that "the abundance of age-biased comments (as stated above) made by co-workers and management, and the ignoring by management of [Evans'] almost daily complaints regarding said discrimination, harassment and bullying" are sufficient circumstantial evidence "to support the inference that a 'retaliatory animus was at work.'" Doc. 51 at 14. However, Evans does not present any facts to show that her co-workers were aware that she made complaints of discrimination and harassment. Evans, therefore, cannot establish that her co-workers' actions were motivated by a retaliatory animus. Furthermore, Evans has not presented evidence that her managers or supervisors made "age-biased" or other comments indicating retaliatory animus against Evans. Evans testified that one supervisor, Cartagena, asked Evans what her age was. However, this question does not display animus against Evans.

Evans has not presented sufficient circumstantial evidence from which a reasonable juror could infer that a protected activity taken by Evans was the cause of an adverse action against her. Because Evans has also failed to establish the elements required for a *prima facie* ADEA retaliation claim, her retaliation claim cannot survive IDHS' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court grants IDHS' motion for summary judgment [42].

The Court enters judgment for IDHS on all counts and terminates this case.

Dated: June 15, 2017

SARA L. ELLIS
United States District Judge